Joseph A. Cox, S.
The testator was a native of Yugoslavia and his holographic will dated December 26, 1945 stated that on that date he was domiciled in Yugoslavia. He died in England in January, 1946 and his will was admitted to probate there. Subsequently ancillary letters testamentary were issued by this court to a son of the testator upon allegations that the testator was domiciled in England at the time of his death. The ancillary executor is accounting and objections to his account raise issues which require a construction of the will.
*390 It is conceded that real property interests in this jurisdiction were purchased with funds of the testator and title was taken in the name of the testator’s son. Any issue that may exist as to the rights and interests of the testator in such property is a matter for later determination and this opinion will be concerned only with a construction of the text of the testator’s will insofar as it may refer to or concern the real property interests in this State.
The third article of the will reads: “My entire estate which shall be proven to be my property and that property which has been already registered in the name of my deceased daughter Lina and my son Ivo (Grinos) shall be appraised by experts and computed because said property was donated by me during my lifetime as well as such property as shall stand in my name and all my claims shall be exactly divided in halves and one half belongs to my orphans namely Maria Angela Eugen and Peter Polic Matkovic children of my deceased Lina and the other half belongs to my son Ivo to-day domiciled in New York America.”
The fourth article of the will subjects the dispositions made in the preceding article to certain life interests of the testator’s widow and to general legacies to relatives.
The third article, quoted above, contains two directions. The first direction is that two distinct classes of property be appraised, namely, property owned by the testator and property registered in the names of his daughter and son, which latter property was donated to the children in the testator’s lifetime. The second direction is that the total valuation so arrived at by appraisal be employed as the basis for an equal division of the estate assets between the testator’s son and the children of the testator’s daughter. The intention of the testator was that the property donated by him to his two children should be considered in the nature of advancements or double portions in the computation of the respective shares of the son and the grandchildren. (Cf. Matter of Lutz, 201 Misc. 539.)
The fifth article of the will confirms the thought expressed in the third article by identifying real property in Split, Yugoslavia and declaring that such “property distributed in Split to my deceased Lina and son Ivo shall remain untouched and shall not be distributed as part of my estate ’ ’.
Insofar as presently relevant, the seventh article of the will states: ‘ ‘ My assets consist of: In New York: My son Ivo Girinos shall answer to the estate for the house at 158-20 Cryder’s L. I., *391 Beechhurst having a value of about $15,000 for the house at West Drive and 91st Street that is to say only for one half interest therein since the other one-half interest belongs to Niko Sucic having a value of about $50,000 and also for cash in the amount of about $60,000. Said two houses and cash he has continued to hold without my approval therefore they must go into the estate.”
The seventh article is an unequivocal assertion of title to the New York property but the testator’s son Ivo contends that this property, as well as the property in Split, should be regarded as “donated” by the testator. Certainly the testator’s language cannot be read as anything but a most vehement repudiation of any claim by the son to any legal or equitable ownership of the New York property interests. There is no basis existing in the will for treatment of this property as an advancement in the computation of the son’s share of the estate. The testator regarded this property as his own and his direction was that in the division and distribution of his assets the New York property be considered in the same manner as any other estate asset.
The third article of the will provides the method of dividing the testator’s property. The fifth article was intended to clarify any doubt that might exist as to the realty in Split and the purpose of inserting this article in the will was to assure that the Split property not be regarded as an asset of the testator. The assets which the testator deemed to be disposed of by the will were listed by him in the seventh article and there his reference to the New York property is in sharp contrast to his earlier reference, in the fifth article, to the Split property. In the seventh article the testator directed that his son answer to the estate for this property and for cash and the testator stated furthermore that the son had continued to hold such property and cash without the testator’s approval. The testator’s conclusion was: “therefore they must go into the estate.” The language of the seventh article cannot be construed as a reference to any inter vivos gift or transfer to be treated in the nature of an advancement for the text of that article is an affirmative statement that the testator and not his son was the owner of the property and that the latter retained the property against his father’s wishes.
If an intermediate decree construing the will is desired, such a decree may be submitted on notice.